**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0778-18T2

JOSEPH FISCHETTI and
MATTHEW BECHT,

     Plaintiffs-Appellants,

v.

SOUTH ORANGE-MAPLEWOOD
BOARD OF EDUCATION;
DR. JOHN J. RAMOS, SR., KEVIN
WALSTON, ELIZABETH BAKER,
STEPHANIE LAWSON-MUHAMMAD,
ELIZABETH DAUGHERTY,
MAUREEN JONES, ANNMARIE
DAINI, MADHU PAI, CHRIS SABIN,
DONNA SMITH, and JOHANNA WRIGHT,
in their individual and official capacities;
and RANDY NATHAN,

     Defendants-Respondents.

_____

Argued May 13, 2019 – Decided May 29, 2019

Before Judges Messano, Fasciale, and Rose.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. L-4755-17.

Steven D. Farsiou argued the cause for appellants (Trinity & Farsiou, LLC, attorneys; Steven D. Farsiou, on the briefs).

Howard M. Nirenberg argued the cause for respondents South Orange Maplewood Board of Education, Kevin Walston, Elizabeth Baker, Stephanie Lawson-Muhammad, Elizabeth Daugherty, Maureen Jones, AnnMarie Daini, Madhu Pai, Chris Sabin, Donna Smith, and Johanna Wright (Nirenberg & Varano, LLP, attorneys; Howard M. Nirenberg, of counsel; Sandra N. Varano, on the brief).

Richard A. Grodeck argued the cause for respondent Dr. John J. Ramos, Sr. (Piro, Zinna, Cifelli, Paris & Genitempo, LLC, attorneys; Richard A. Grodeck, on the brief).

Michael Dolich argued the cause for respondent Randy Nathan (Bennett, Bricklin & Saltzburg, LLC, attorneys; Michael Dolich, on the brief).

PER CURIAM

We granted plaintiffs Joseph Fischetti and Matthew Becht leave to appeal the trial court's August 17, 2018 order that denied their motion to quash a subpoena served by defendant Randy Nathan. Plaintiffs, former baseball coaches at Columbia High School in Maplewood, alleged that Nathan, the father of a former player, maliciously filed and pursued a "harassment, intimidation and bullying" (HIB) complaint against them. Plaintiffs alleged that other defendants — the South Orange-Maplewood Board of Education (the Board),

2

its individual members, and Dr. John Ramos, Sr., the district superintendent —

violated plaintiffs' civil and constitutional rights in the manner by which they

conducted the HIB investigation and ultimately terminated them as coaches.

Plaintiffs also alleged common law causes of action for malicious use and abuse

of process, defamation, and tortious interference against defendants.

Plaintiffs were themselves named defendants in another lawsuit. David

DeFranco, a former player, sued plaintiffs, the Board, and others, alleging

violations of the New Jersey Anti-Bullying Bill of Rights Act, N.J.S.A. 18A:37-

13 to -32 (the DeFranco litigation). During discovery in the DeFranco litigation,

which was subject to a protective order, racially and religiously insensitive text

messages exchanged by plaintiffs were recovered from their personal phones.

Attempting to acquire these messages for use in this litigation, Nathan served a

subpoena duces tecum on DeFranco's counsel requesting his litigation file, with

the exception of any privileged documents.

Plaintiffs refused to enter into the consent confidentiality order already in

place in the DeFranco litigation. Nathan moved to intervene in that litigation,

but the judge denied that request.

DeFranco then moved to remove the confidentiality order, and plaintiffs

moved to quash Nathan's subpoena. The judge conducted a single hearing on

3

the applications. During oral argument, plaintiffs' counsel asserted that Nathan was "seek[ing] discovery . . . he would not ordinarily be entitled to through a backdoor process." Counsel contended the appropriate method to obtain discovery was to "send[] those requests to me." Plaintiffs' counsel also argued the requested information was irrelevant to the litigation. He emphasized there were different parties in this litigation than in the DeFranco litigation and "absolutely different claims." Alternatively, plaintiffs argued the court should maintain the confidentiality order entered in the DeFranco litigation over any documents produced in response to the subpoena.

The judge entered two orders. She lifted the confidentiality provisions of the consent order in the DeFranco litigation; she denied plaintiffs' motion to quash. Plaintiffs moved for leave to appeal.

While that motion was pending before us, plaintiffs moved for reconsideration in both lawsuits. The judge reconsidered her prior orders and restored the protective order in the DeFranco litigation but reaffirmed her decision on plaintiffs' motion to quash. We entered our order granting leave to appeal shortly thereafter.

Since then, the parties advised us that the DeFranco litigation settled in February 2019, and all parties in this litigation entered into a consent protective

order regarding any discovery produced in response to Nathan's subpoena. Therefore, the only issue before us is whether the judge abused her discretion in denying plaintiffs' motion to quash. Plaintiffs contend she did because the judge failed to consider and appreciate "Rule 4:10-2(a) and the related case law regarding relevancy." We disagree and affirm.

We defer to a trial court's "discovery rulings absent an abuse of discretion or a judge's misunderstanding or misapplication of the law." Capital Health Sys., Inc. v. Horizon Healthcare Servs., Inc., 230 N.J. 73, 79-80 (2017) (citing Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371 (2011)). "[A]ppellate courts must start from the premise that discovery rules 'are to be construed liberally in favor of broad pretrial discovery' . . . ." Id. at 80 (quoting Payton v. N.J. Tpk. Auth., 148 N.J. 524, 535 (1997)). Rule 4:10-2(a) reflects this principle:

> In General. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, . . . . It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence . . . .
>
> [(Emphasis added).]

A-0778-18T2

While plaintiffs correctly note that the "br[eadth of] modern discovery . . . is not unbridled and not unlimited[,]" Berrie v. Berrie, 188 N.J. Super. 274, 282 (Ch. Div. 1983), the text messages at issue are not only highly relevant to this litigation, but also likely to lead to the discovery of admissible evidence.

For example, plaintiffs have asserted that Nathan defamed them by spreading malicious rumors about their style of coaching the baseball team. Nathan is entitled to defend against those allegations by showing statements deemed defamatory by plaintiffs were true, or believed by him to be true, potentially subverting an element of defamation. See G.D. v. Kenny, 411 N.J. Super. 176, 186-88 (App. Div. 2009) (explaining the elements of defamation and identifying truth as an absolute defense). Moreover, these text messages are alleged to contain religiously derogatory and racist comments, which plaintiffs generally denied uttering in a prior deposition. Therefore, the discovery may be relevant to plaintiffs' credibility. Further, as the Board points out, after-acquired evidence of misconduct may be relevant to limit plaintiffs' claims for economic damages against the Board. Cicchetti v. Morris Cty. Sheriff's Office, 194 N.J. 563, 590 (2008).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6